1        HONORABLE RONALD B. LEIGHTON

2

3

4

5

6
                        UNITED STATES DISTRICT COURT
7                      WESTERN DISTRICT OF WASHINGTON
                                   AT TACOMA
8

9    MARK A VELASCO and DANIKA              CASE NO. C16-5022-RBL
     VELASCO,
10                                          ORDER GRANTING MOTION TO
                       Plaintiffs,          DISMISS
11
           v.                               [DKT. #12]
12
     MORTGAGE ELECTRONIC
13   REGISTRATION SYSTEMS, INC., *et
     al.*,
14
                       Defendants.

15

16         THIS MATTER is before the Court on Defendants' Motion to Dismiss [Dkt. #12]. The

     case involves a residential loan[1] and promissory note, secured by a deed of trust. The plaintiff
17
     borrowers appear to concede that the defendants (all entities associated with their loan) contend
18
     that they are in default for non-payment, and affirmatively allege that foreclosure proceedings
19
     are imminent. This lawsuit seeks a judicial determination that the loan and the deed of trust are
20

21

22         [1] The Velascos' complaint does not identify the date of the loan. However, the
     Washington Court of Appeals unpublished opinion affirming eh summary dismissal of a prior
23   litigation involving the same loan and many of the same parties recites that he loan was made in
     June 2007. *See Velasco v Discovery Mort. Co*., 2015 WL 1753677.
24

ORDER GRANTING MOTION TO DISMISS - 1

1  void, based on the Velascos' March, 2010 "TILA notice of rescission." That notice is attached to

2  their complaint as Exhibit 1 [Dkt. # 1-1]

3        In 2011, the Velascos sued in Lewis County Superior Court, asserting quiet title, Deed of

4  Trust Act, negligence and Consumer Protection Act and declaratory claims against a similar cast

5  of defendants. That suit is not mentioned in the Complaint, but the court can and will take

6  judicial notice of it. [*See* Dkt. #29]. The 2011 case was dismissed with prejudice on summary

7  judgment, and the Court of Appeals affirmed the dismissal on all but the CPA claim. *See Velasco*

8  *v Discovery Mort. Co*., 2015 WL 1753677.

9        The CPA claim was remanded for further proceedings, but the Velascos voluntarily

10  dismissed it in December 2015. They brought this "TILA rescission enforcement" suit a month

11  later—more than 6 years after the date of the rescission notice.

12        The Velascos claim the lenders failed to respond or act within the statutorily-prescribed

13  20 days, and that as a result their loan—including their obligation to re-pay, and the deed of trust

14  they gave as security—is "void." They seek an injunction preventing the defendants from taking

15  any action to enforce the loan or the security, and one requiring the defendants to cancel and

16  return the promissory note and record a release of any interest in the property.  They also seek

17  the return of all the money they paid to the lenders. Their complaint makes no mention of an

18  ability, willingness, or intent to tender back to the Bank the proceeds of the loan they used to

19  purchase the home[2].

20

21

22

23        [2] In the earlier case, the Velascos argued that the lenders' fraud made such a tender

24  unnecessary.

1  The Defendants[3] seek dismissal with prejudice and without leave to amend. They argue

2  first that the claimed rescission notice is not effective. TILA (15 U.S.C. §1635(a)) provides an

3  unconditional right to rescind within three days of the loan closing, and a conditional right to

4  rescind within three years of the closing. The longer period applies only if the lender failed to

5  make certain material disclosures under the statute.  The Defendants argue that the Velascos'

6  2010 Notice did not articulate any such material disclosures.  They also argue that the Velascos

7  have not (and cannot) allege that they can or will tender the original loan proceeds.

8  After the Velascos filed their response [Dkt. # 18] the Defendants sought and obtained

9  leave to file supplemental briefing related to the fact that this is the second lawsuit arising out of

10  this same transaction. [*See* Dkt. # 28, 29] They argue that this suit is claimed by res judicata, and

11  that the Velascos' current CPA claim is time barred.  The Velascos have not responded to the

12  supplemental argument.

13  **A.    Rule 12(b)(6) Standard.**

14  Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal

15  theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v.*

16  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege

17  facts to state a claim for relief that is plausible on its face.  *See Aschcroft v. Iqbal*, 129 S. Ct.

18  1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual

19  content that allows the court to draw the reasonable inference that the defendant is liable for the

20  misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts,

21  conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion.

22  *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State*

23

24  [3] The moving Defendants are Wells Fargo Bank, MERS, and HSBC BankUSA.

1    *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds'

2    of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

3    recitation of the elements of a cause of action will not do. Factual allegations must be enough to

4    raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

5    (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an

6    unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing

7    *Twombly*).

8         On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to

9    amend the pleading was made, unless it determines that the pleading could not possibly be cured

10   by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242,

11   247 (9th Cir. 1990).  However, where the facts are not in dispute, and the sole issue is whether

12   there is liability as a matter of substantive law, the court may deny leave to amend.  *Albrecht v.*

13   *Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

14   **B.     The Velascos' TILA rescission enforcement claim is barred by *res judicata*.**

15        *Res judicata* precludes re-litigation of claims that were raised in a prior action, as well as

16   those which *could have been* raised there.  *W. Radio Servs. Co.  v. Glickman*, 123 F.3d 1189,

17   1192 (9th Cir. 1997). An action is barred by *res judicata* when an earlier suit: (1) involved the

18   same claim or cause of action as the later suit; (2) involved the same parties; and (3) reached a

19   final judgment on the merits.  *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir.

20   2005).

21        Each of these elements is present here. The parties and the subject matter are the same;

22   both cases arise out of the same transaction and involve a similar list of alleged violations and

23   misrepresentations; they in fact involve the same CPA claim. The 2011 lawsuit was filed *after*

24

the 2010 rescission notice that is the basis for this 2016 lawsuit. The Velascos certainly could have, and should have, litigated their "TILA rescission enforcement" claim in that earlier lawsuit. As the Defendants point out, that rescission notice and the various deficiencies and violations it lists were actually litigated and finally adjudicated in the earlier litigation, and the Velascos lost. They are not entitled to a second bite at the apple.

The Defendants' Motion to Dismiss the Velascos' current TILA claim on *res judicata* grounds is GRANTED and that claim is DISMISSED with prejudice and without leave to amend.

**C.  The Velascos' CPA claim is facially time-barred.**

The Defendants argue that the limitations period for a Washington CPA claim is four years, and that that period is not tolled while some other litigation involving the same subject matter is pending. *See* RCW 19.86.120. The Velascos have not responded to this argument. But it is clearly correct; the Velascos' voluntary dismissal (without prejudice) of their CPA claim after  remand means that it was not "adjudicated on the merits" in the earlier case, but that fact does not remedy the passage of almost a decade since the acts complained of took place.  The CPA claim is time-barred as a matter of law, and there is no conceivable, much less plausible, amendment that the Velascos could make to their complaint that would remedy that fatal flaw.

The Defendants' Motion to Dismiss the CPA claim as time barred is GRANTED and that claim is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 6th day of May, 2016.

Ronald B. Leighton
United States District Judge